Chip Parker (16920)
Blue Bee Bankruptcy Law
225 South 200 East, Ste. 140
Salt Lake City, UT 84111
801-624-6767 Phone
801-624-6703 Fax
bkservice@b3.law
Attorneys for Plaintiff

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In Re:<br><br>**DEE VAN WAGONER and WENDY VAN WAGONER**,<br><br>Debtors. | |
| **DEE VAN WAGONER**,<br><br>Plaintiff,<br><br>vs.<br><br>**CASCADE COLLECTIONS, LLC;** and **CHAD RASMUSSEN PLLC d/b/a ALPINA LEGAL,** as alleged assignee of Cascade Collections LLC,<br><br>Defendants. | Bankruptcy Case No. 25-27749<br><br>Chapter 13<br><br>**Adversary Proceeding No. _____**<br><br>Hon. Peggy Hunt |
| **COMPLAINT TO AVOID PREFERENTIAL TRANSFER OF JUDICIAL LIEN UNDER 11 U.S.C. §§ 522(h) AND 547, TO DETERMINE SECURED STATUS UNDER 11 U.S.C. § 506(a), AND TO PRESERVE AVOIDED TRANSFER FOR PLAINTIFF'S EXEMPTION UNDER 11 U.S.C. § 522(i)** | |

Plaintiff Dee Van Wagoner ("Plaintiff"), by and through undersigned counsel, files this

complaint against Defendants Cascade Collections LLC and Chad Rasmussen PLLC d/b/a

Alpina Legal, the purported assignee of Cascade Collections LLC, and alleges as follows:

**JURISDICTION AND VENUE**

1.      This is an adversary proceeding initiated to avoid a preferential transfer pursuant to 11 U.S.C. §§ 522(h) and 547, to ascertain the validity, scope, and seniority of an alleged judicial lien under 11 U.S.C. § 506(a), and to preserve the avoided transfer for the benefit of Plaintiff pursuant to 11 U.S.C. § 522(i)(2).

2.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a), as well as the Standing Order of Reference from the United States District Court for the District of Utah. This proceeding is classified as a core proceeding under 28 U.S.C. § 157(b)(2)(F) (preferences) and (K) (determinations regarding the validity, extent, or priority of liens).

3.      The venue is proper in this District pursuant to 28 U.S.C. § 1409(a), as this adversary proceeding originates from and is connected to Plaintiff's Chapter 13 case currently pending before this Court.

4.      This adversary proceeding is initiated by a complaint in accordance with Fed. R. Bankr. P. 7001(1), (2), and (9), which encompass proceedings to recover money or property, determine the validity, priority, or extent of a lien, and obtain a declaratory judgment related to any of the aforementioned matters.

5.      Plaintiff consents to the entry of final orders and judgment by this Court on all claims asserted in this Complaint.

**PARTIES**

6.      Plaintiff is a debtor in the above-captioned Chapter 13 case, Case No. 25-27749, pending before this Court.

- 2 -

7. Defendant Cascade Collections LLC ("Cascade") is identified on Line 1 of Proof of Claim No. 15, attached hereto as Exhibit A, as "the current creditor" asserting a secured claim against Plaintiff based on a recorded judgment lien.

8. Defendant Chad Rasmussen PLLC d/b/a Alpina Legal ("Alpina") is identified on Line 3 of Proof of Claim No. 15 as the recipient of notices and payments. Additionally, it is identified in paragraph 5 of the attached Judgment Information Statement as "the current Judgment Creditor" as "assignee from CASCADE COLLECTIONS LLC."

9. Cascade and Alpina are named as Defendants in the alternative because Proof of Claim No. 15 and its attachments are internally inconsistent as to which entity presently owns, holds, or asserts the judgment lien recorded in the Tooele County Recorder's Office on October 24, 2025 as Entry No. 625438.

10. Upon information and belief, each Defendant claims or may claim an interest in the judgment lien that is the subject of this adversary proceeding, and each is a proper party to the claims asserted herein under Fed. R. Civ. P. 19 and 20, made applicable by Fed. R. Bankr. P. 7019 and 7020.

11. Upon information and belief, Chad C. Rasmussen, Esquire, is the majority owner of both defendants.

**GENERAL ALLEGATIONS**

12. On December 23, 2025 (the "Petition Date"), Plaintiff and his spouse, Wendy Van Wagoner ("the Codebtor Spouse"), filed a voluntary petition for relief pursuant to Chapter 13 of Title 11 of the United States Code, thereby initiating Case No. 25-27749 before this Court.

13.     The real property at issue is Plaintiff's residence located at 946 Fox Run Drive, Tooele, Utah 84074, further identified as Parcel No. 14-036-0307, Lot 307, Canyon at Walden Hills Sub No. 3, a subdivision of Tooele City, Tooele County, Utah (the "Property").

14.     The attachment to Proof of Claim No. 15 shows that a default judgment was entered against Plaintiff on August 30, 2019, in the Third Judicial District Court, Salt Lake Department, Salt Lake County, State of Utah, Case No. 199909846 (Faust, J.), in the original amount of $21,354.78 (the "Judgment").

15.     The attachment to Proof of Claim No. 15 further shows that a Judgment Information Statement identifying Plaintiff, the Property, and Parcel No. 14-036-0307 was recorded in the Tooele County Recorder's Office on October 24, 2025 as Entry No. 625438 (the "Recordation").

16.     Under Utah Code § 78B-5-202(7)(a), a judgment entered by a Utah district court becomes a lien upon real property of the judgment debtor in the county of recordation only if the judgment or an abstract of the judgment, together with the identifying information required by Utah Code § 78B-5-201, is recorded in the office of the county recorder.

17.     Because the Judgment did not attach to Plaintiff's real property in Tooele County until the Recordation, the relevant transfer date for purposes of 11 U.S.C. § 547(b) and (e) is October 24, 2025, not the August 30, 2019, date of entry of the Judgment. See 11 U.S.C. § 547(e)(1)(A) (a transfer of real property is perfected "when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee"); 11 U.S.C. § 547(e)(2)(B) (transfer deemed made at time of perfection if perfection occurs more than 30 days after the transfer takes effect between the parties).

18.     October 24, 2025, is 60 days prior to the Petition Date of December 23, 2025, and, accordingly, falls within the 90-day preference period set forth in 11 U.S.C. § 547(b)(4)(A).

19.     Proof of Claim No. 15 asserts a total claim of $52,253.27 as of the Petition Date and characterizes the entire claim as secured by a lien on Plaintiff's principal residence, with "Judgment Lien" identified as the basis for perfection.

20.     On March 5, 2026, Cascade filed an Objection to Confirmation of Chapter 13 Plan (Docket No. 20) (the "Confirmation Objection"), in which Cascade affirmatively represented to this Court that "The Plan fails [to] provide for Creditor's secured claim and Creditor has not and does not approve the Plan," and further that "The collateral securing Creditor's secured claim is real property owned by Debtor Dee Van Wagoner." Confirmation Objection ¶ 6.

21.     On March 16, 2026, the Plaintiff and the Codebtor Spouse filed Debtors' Motion to Avoid Lien pursuant to 11 U.S.C. § 522(f) (Docket No. 27) (the "§ 522(f) Motion"). The motion alleges that (a) the fair market value of the Property as of the Petition Date is $376,358.00; (b) senior consensual liens on the Property amount to $328,305.79; (c) the Debtors' combined homestead exemption totals $104,700.00; and (d) pursuant to the impairment formula in 11 U.S.C. § 522(f)(2)(A), the sum of Cascade's asserted lien, along with the senior liens and the homestead exemption ($21,354.78 + $328,305.79 + $104,700.00 = $454,360.57), exceeds the value of the Property in the absence of liens, such that Cascade's asserted judicial lien wholly impairs the Debtors' homestead exemption.

22.     On April 3, 2026, Cascade filed an Opposition to Debtors' Motion to Avoid Lien (Docket No. 41) (the "§ 522(f) Opposition"), in which Cascade affirmatively represented to this Court that "the fair market value of the Property as of the petition date is substantially higher"

than $376,358.00, "such that unexempt equity exists and the judicial lien does not impair (or fully impair) the Debtors' homestead exemption under the statutory formula of § 522(f)(2)(A)," and requested that the § 522(f) Motion be denied or, alternatively, set for an evidentiary hearing on fair market value. § 522(f) Opposition at 2.

23.     The positions Cascade has asserted in the Confirmation Objection and in the § 522(f) Opposition constitute judicial admissions of the facts necessary to establish avoidance of the Recordation as a preferential transfer, including, in particular, the "receive more" element of 11 U.S.C. § 547(b)(5).

24.     The transfer effected by the Recordation pertains to an antecedent debt owed by Plaintiff prior to such transfer, specifically the indebtedness associated with the 2019 Judgment, which predates the October 24, 2025 Recordation by more than six years.

25.     The transfer effected by the Recordation was involuntary. The fixing and perfection of a judicial lien against a judgment debtor's real property through statutory recordation by the judgment creditor is an involuntary transfer from the debtor's perspective for purposes of 11 U.S.C. § 522(g)(1)(A) and (h). See *Larson v. Olympic Fin. Co. (In re Larson)*, 21 B.R. 264 (Bankr. D. Utah 1982).

26.     Plaintiff did not conceal the Property within the meaning of 11 U.S.C. § 522(g)(1)(B).

27.     Plaintiff and the Codebtor Spouse timely claimed a homestead exemption in the Property on Schedule C, and Plaintiff would have been entitled to exempt his interest in the Property under 11 U.S.C. § 522(b) and applicable Utah exemption law had the Recordation not occurred.

28.     Plaintiff timely notified Lon A. Jenkins, the standing Chapter 13 trustee, of the potential preference claim arising from the October 24, 2025 Recordation. After reviewing the case, the trustee declined to commence an avoidance action, determining that avoidance would not augment the bankruptcy estate for the benefit of unsecured creditors, and expressly noted that 11 U.S.C. § 522(h) "provides a debtor a vehicle to avoid a preferential transfer in circumstances such as this" and is "tailor-made" for this situation. Trustee Jenkins' email is attached hereto as Exhibit B.

29.     Trustee Jenkins has not commenced, and will not commence, an action to avoid the Recordation.

30.     On April 6, 2026, Plaintiff's counsel sent an email to Defendants' counsel, Chad C. Rasmussen, Esq., of Alpina Legal, identifying the preference issue arising from the October 24, 2025 Recordation, advising that Plaintiff intended to seek avoidance under 11 U.S.C. § 522(h) if the trustee declined to act, and requesting that Defendants withdraw their opposition to the pending § 522(f) Motion in light of the preference issue. Plaintiff's counsel expressly warned that "absent such withdrawal, the parties may incur substantial additional expenses litigating valuation and lien issues, ultimately leading to the same practical outcome: Cascade being treated as a general unsecured creditor." Plaintiff's counsel followed up on April 8, 2026, and again on April 14, 2026. On April 14, 2026, Defendants' counsel responded: "No, we will not be stipulating to anything." Defendants thereby declined to stipulate to avoidance of the Recordation despite having been provided with a clear explanation of the legal basis for avoidance. Email chain between Plaintiff's counsel and Defendants' counsel is attached here to as Exhibit C.

31.     Section 522(h) of the Bankruptcy Code authorizes a debtor to avoid a transfer of the debtor's property to the extent that the debtor could have exempted such property under § 522(g)(1), provided that (i) the transfer is avoidable by the trustee pursuant to, among other provisions, § 547, and (ii) the trustee does not attempt to avoid such transfer. 11 U.S.C. § 522(h).

32.     Plaintiff therefore stands in the shoes of Trustee Jenkins and may avoid the Recordation pursuant to 11 U.S.C. §§ 522(h) and 547 to the extent of Plaintiff's exemptible interest, and may preserve the avoided transfer for his own benefit under 11 U.S.C. § 522(i)(2).

33.     Section 547(f) presumes the debtor was insolvent during the 90 days immediately preceding the Petition Date. 11 U.S.C. § 547(f). Under 11 U.S.C. § 547(g), Defendants bear the burden of producing evidence to rebut that presumption; bare assertions or arguments of counsel are insufficient. See *Larson*, 21 B.R. 264.

34.     By recording its Judgment against Plaintiff's interest in the Property within the 90-day preference period, Cascade transformed its position from that of an unsecured judgment creditor with no lien on Plaintiff's real property in Tooele County to asserting a secured status immediately prior to bankruptcy.

35.     But for the October 24, 2025, Recordation, Cascade or its alleged assignee, Alpina, would have held only a general unsecured claim in the hypothetical Chapter 7 liquidation test required by 11 U.S.C. § 547(b)(5).

36.     Defendants' own position in Plaintiff's Chapter 13 case establishes the "receive more" element of 11 U.S.C. § 547(b)(5): Defendants affirmatively assert that the Recordation confers secured status requiring full payment of the $52,253.27 claim through Plaintiff's Chapter 13 plan, a result that by definition exceeds what Defendants would receive as holders of a

- 8 -

general unsecured claim in a hypothetical Chapter 7 case in which the Recordation had not been made.

37.     In the alternative, if Defendants contend that the Property has no realizable nonexempt equity, then under 11 U.S.C. § 506(a) Defendants' claim is not secured by any value in Plaintiff's interest in the Property, their claim must be treated as unsecured for all purposes in the Chapter 13 case, and Defendants cannot insist on treatment as a fully secured claim under 11 U.S.C. § 1325(a)(5).

38.     The transfer sought to be avoided is limited to the fixing and perfection of a judicial lien against Plaintiff's interest in the Property on October 24, 2025. Plaintiff does not allege that the Judgment, which was entered solely against Plaintiff, created any lien against the separate ownership interest of the Codebtor Spouse.

### FIRST CLAIM FOR RELIEF
### (Avoidance of Preferential Transfer Under 11 U.S.C. §§ 522(h) and 547)

39.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

40.     Cascade is a "creditor" within the meaning of 11 U.S.C. § 101(10), and Alpina is a creditor to the extent it claims ownership of or rights under the Judgment and the Recordation.

41.     The Recordation effectuated a "transfer" of "an interest of the debtor in property" within the scope of 11 U.S.C. §§ 101(54) and 547(b), specifically the creation and perfection of a judicial lien against Plaintiff's interest in the Property.

42.     The transfer was to or for the benefit of a creditor. 11 U.S.C. § 547(b)(1).

43.     The transfer was for or on account of an antecedent debt owed by Plaintiff before the transfer was made. 11 U.S.C. § 547(b)(2).

44.     The transfer was made while Plaintiff was insolvent, as presumed under 11 U.S.C. § 547(f), and Defendants bear the burden of rebutting that presumption under 11 U.S.C. § 547(g).

45.     The transfer was made on or within 90 days before the filing of the petition. 11 U.S.C. § 547(b)(4)(A).

46.     The transfer enabled Defendants to receive more than they would receive if this case were a case under Chapter 7, the transfer had not been made, and Defendants received payment only to the extent provided by Title 11, because Defendants affirmatively assert that the Recordation gives them a fully secured claim entitled to payment in full, whereas absent the Recordation Defendants would hold only a general unsecured claim. 11 U.S.C. § 547(b)(5).

47.     No exception set forth in 11 U.S.C. § 547(c) applies: the Recordation was not a contemporaneous exchange for new value given to Plaintiff; it was not made in the ordinary course of business or financial affairs; and it did not secure the creation of a purchase-money security interest. It was instead the statutory perfection of a pre-existing judgment on account of antecedent debt.

48.     The transfer is therefore avoidable by Trustee Jenkins under 11 U.S.C. § 547(b), who has declined to avoid it. The transfer was involuntary. Plaintiff did not conceal the Property and could have exempted his interest in it, had the transfer not occurred. Plaintiff is therefore entitled to avoid the transfer under 11 U.S.C. § 522(h).

**SECOND CLAIM FOR RELIEF**
**(Preservation of Avoided Transfer for Plaintiff's Benefit Under 11 U.S.C. § 522(i)(2))**

49.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

50.     Section 522(i)(2) provides that "notwithstanding section 551 of this title, a transfer avoided under section … 547 … of this title, under subsection (f) or (h) of this section,

may be preserved for the benefit of the debtor to the extent that the debtor may exempt such property under paragraph (1) of this subsection or paragraph (1) of subsection (g) of this section." 11 U.S.C. § 522(i)(2).

51.     Plaintiff is entitled to an order preserving the avoided Recordation for his own benefit to the extent of his exemption in the Property.

**THIRD CLAIM FOR RELIEF (Declaratory Relief Determining That Defendants Do Not Hold an Allowed Secured Claim — 11 U.S.C. § 506(a); Fed. R. Bankr. P. 7001(2), (9))**

52.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

53.     An actual, immediate, and justiciable controversy exists between Plaintiff and Defendants regarding the validity, extent, and priority of Defendants' asserted judicial lien on Plaintiff's interest in the Property, as well as whether Defendants possess an allowed secured claim in Plaintiff's Chapter 13 case.

54.     In the alternative to the relief sought in the First and Second Claims, and to the extent that Defendants contend that there is no realizable nonexempt equity in the Property supporting their asserted judicial lien, Plaintiff is entitled under 11 U.S.C. § 506(a) to a declaratory judgment that Defendants' claim is wholly unsecured; that the judicial lien resulting from the Recordation is of no effect as a secured claim against Plaintiff in this case; and that Defendants are not entitled to treatment as holders of a secured claim under 11 U.S.C. § 1325(a)(5).

55.     Plaintiff is further entitled to a declaratory judgment that, if the Recordation created an unavoidable, perfected security interest, such interest pertains solely to Plaintiff's individual interest in the Property and not to the separate interest of the Codebtor Spouse.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

A.      Pursuant to 11 U.S.C. §§ 522(h) and 547(b), avoiding the transfer constituted by the fixing and perfection of the judicial lien recorded on October 24, 2025 as Entry No. 625438 in the Tooele County Recorder's Office against Plaintiff's interest in the Property;

B.      Pursuant to 11 U.S.C. § 522(i)(2), preserving the avoided transfer for Plaintiff's benefit, to the extent of Plaintiff's allowable exemption in the Property;

C.      In the alternative, pursuant to 11 U.S.C. § 506(a) and Fed. R. Bankr. P. 7001(2) and (9), declaring that Defendants' claim is wholly unsecured, that any judicial lien arising from the Recordation has no value as a secured claim against Plaintiff in this case, and that Defendants are not entitled to treatment as holders of a secured claim under 11 U.S.C. § 1325(a)(5);

D.      Declaring that the Recordation attached only to Plaintiff's individual interest in the Property and not to the separate interest of the Codebtor Spouse;

E.      Awarding Plaintiff his taxable costs as allowed by law;

F.      Awarding Plaintiff his reasonable attorneys' fees and expenses incurred in prosecuting this adversary proceeding pursuant to 28 U.S.C. § 1927; and

G.      Granting such other and further relief as the Court deems just and proper.

Dated: April 20, 2026

> /s/ Chip Parker
> CHIP PARKER
> Attorney for Plaintiff

- 12 -

**Fill in this information to identify the case:**

Debtor 1    Dee Van Wagoner

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: District of Utah

Case number   25-27749 _____

## Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Cascade Collections LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor   Alpina Legal

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Alpina Legal
Name

2230 N Univ. Pkwy. #7E
Number    Street

Provo      UT      84604
City      State      ZIP Code

Contact phone   801-747-9529

Contact email   contact@alpinalegal.com

**Where should payments to the creditor be sent?** (if different)

Name

Number    Street

City      State      ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____     Filed on _____
                                             MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

**EXHIBIT ___A___**

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

6. **Do you have any number you use to identify the debtor?**

☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  __8__  __1__  __6__  __9__

7. **How much is the claim?**    $_____52,253.27 . **Does this amount include interest or other charges?**

☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Judgment - Money Loaned

9. **Is all or part of the claim secured?**

☐ No
☑ Yes.    The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:**    Judgment Lien

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property**:    $_____
**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed) 24.87 %
☑ Fixed
☐ Variable

10. **Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

11. **Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

Official Form 410    **Proof of Claim**    page 2

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No ❏ Yes. *Check one:* | **Amount entitled to priority** |
|---|---|---|
| | ❏ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ❏ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ❏ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ❏ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ❏ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ❏ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

---

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

❏  I am the creditor.

☑  I am the creditor's attorney or authorized agent.

❏  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

❏  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   03/02/2026
                  MM / DD / YYYY

/s/ Chad C. Rasmussen
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Chad | Craig | Rasmussen |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | Alpina Legal | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 2230 N Univ. Pkwy. #7E | | |
| | Number          Street | | |
| | Provo | UT | 84604 |
| | City | State | ZIP Code |
| Contact phone | 801-747-9529 | Email | chad@alpinalegal.com |

**Itemized Statement for Proof of Claim**

Account No.: 2015-LCKYS-0203
Case No.: 199909846

Debtor: DEE VANWAGONER
Co-Debtor (if any):

| | |
|---|---|
| Amount of Original Judgment: | $21,354.78 |
| Accrued Interest: | $32,644.13 |
| Accrued Costs: | $355.00 |
| Accrued Fees: | $1,075.00 |
| Less Payments Made: | ($3,175.64) |
| Total Amount of Claim as of petition filing: | **$52,253.27** |

Entry #: 628305287 04965 Claim 15 Filed 04702706 Desc Main Document Page 17 of 23
10/24/2025 11:45:23 AM JUDGEMENT
Page: 1 of 3
FEE $40.00 BY ALPINA LEGAL
Jerry Houghton, Tooele County County Recorder

The Order of the Court is stated below:
Dated: Aug 30, 2019 /s/ MCKAYLA SANDERS
02:11:33 PM District Court Clerk

Chad C. Rasmussen (UT - 13847)
ALPINA LEGAL
2230 N University Pkwy., Ste. 7E
Provo, UT 84604
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com
*Attorney for Plaintiff*

STATE OF UTAH
COUNTY OF_____ utah
I hereby certify that the document to which this certificate is attached is a full, true and correct copy of the original filed in the Utah State Courts.
WITNESS my hand and seal this ____ day of October 2025
DISTRICT/JUVENILE COURT
_____ CLERK

IN THE SALT LAKE CITY DEPT. OF THE THIRD JUDICIAL DISTRICT COURT
SALT LAKE COUNTY, STATE OF UTAH
450 S State St., Salt Lake City, UT 84111 - 801-238-7300

| | |
|---|---|
| CASCADE COLLECTIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>DEE VANWAGONER,<br><br>Defendant. | **DEFAULT JUDGMENT**<br><br>Case No. 199909846<br><br>Judge: Robert Faust<br><br>2015-LCKYS-0203 |

In accordance with Utah Rule of Civil Procedure 55, and in response to Plaintiff's request for entry of default judgment, Plaintiff shall recover from and judgment by default in favor of the Plaintiff is hereby entered against Defendant for the sum of $8,302.29 plus accrued interest of $9,158.57 plus costs of $223.00 plus attorney's fees of $350.00, plus a collection fee of $3,320.92, a total judgment of $21,354.78 with interest on the total judgment at a rate of 24.870% per annum after the date of this judgment. Pursuant to Rule 54(b) Utah R. Civ. P., this judgment is final and no just reason for delay exists for its enforcement.

IT IS FURTHER ORDERED that this judgment may be augmented in the amount of reasonable costs and attorney's fees expended in collection of the total judgment by execution or otherwise as shall be established by affidavit.

---END OF DOCUMENT---
(Signature appears at the top of the first page.)

Page: 2 of 3
04/24/2025 11:45:23 AM JUDGEMENT
FEE $40.00 BY ALPINA LEGAL
Jerry Houghton, Tooele County County Recorder

Chad C. Rasmussen (UT - 13847)
ALPINA LEGAL
2230 N University Pkwy., Ste. 7E
Provo, UT 84604
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com
*Attorney for Plaintiff*

IN THE SALT LAKE CITY DEPT. OF THE THIRD JUDICIAL DISTRICT COURT
SALT LAKE COUNTY, STATE OF UTAH
**450 S State St., Salt Lake City, UT 84114 - 801-238-7300**

| | |
|---|---|
| CASCADE COLLECTIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>DEE VANWAGONER, an individual<br><br>Defendant. | **JUDGMENT INFORMATION STATEMENT**<br><br>Case No. 199909846<br><br>Judge: Robert Faust<br><br>2015-LCKYS-0203 |

The Plaintiff in this action, by and through counsel Chad C. Rasmussen of Alpina Legal,

and as Judgment Creditor, provides the following judgment lien information in compliance with

Utah Code Section 78B-5-201 and/or 78B-5-202:

1. The correct name of the Judgment Debtor is DEE VANWAGONER.

2. The parcel number and legal description of the property against which this judgment lien is

filed is: **Parcel No. 14-036—0307; Legal Description: LOT 307, CANYON AT**

**WALDEN HILLS SUB NO 3, A SUBDIVISION OF TOOELE CITY, TOOELE**

**COUNTY, UTAH. (OUT OF 2-5-39 FOR 2003 YEAR.) .18 AC 09/26/2002.**

3. The correct last known address of the Judgment Debtor and the address at which the

Judgment Debtor was served with process is:

Address served with process:
1337 N 690 E
Tooele, UT 84074

Current Address:

1

Entry #: 625438

FEE $40.00 BY ALPINA LEGAL

Jerry Houghton, Tooele County County Recorder

946 Fox Run Dr
Tooele, UT 84074

4. The Judgment Debtor is a natural person and:

   a. the Social Security number of the Judgment Debtor is XXX-XX-8169.

   b. the date of birth of the Judgment Debtor is 1/21/1975.

   c. the driver's license number of the Judgment Debtor is unknown.

5. The name of the current Judgment Creditor is Alpina Legal, as assignee from CASCADE

   COLLECTIONS LLC.

6. The address of the Judgment Creditor is:

   PO Box 970547
   Orem, UT 84097

7. The amount of the Judgment is $21,354.78.

8. The Judgment was entered on August 30, 2019.

9. The Judgment has not been stayed.

10. The Judgment Creditor has reviewed its own records, the records of its attorney and the

    records of the Court in which the Judgment was entered. Any information required by

    Section 78B-5-201 but not provided in this statement is unknown or unavailable.

    DATED this _22nd_ day of October, 2025.

    _____
    Chad C. Rasmussen

STATE of Utah )
:ss
COUNTY of Utah )

    Subscribed and sworn to before me this _22nd_ day of October, 2025, by Chad C.
Rasmussen, who is personally known to me or whose identity has been satisfactorily established.

    (Seal)                                   _Jonathan Daniel Starling_
                                             Notary Public



JONATHAN DANIEL STARLING
Notary Public - State of Utah
Comm. No. 745631
My Commission Expires on
Oct 14, 2029

2

**Subject:** Van Wagoner (25-27749)

**Date:**     Tuesday, April 7, 2026 at 4:55:14 PM Mountain Daylight Time

**From:**     Lon A. Jenkins <ljenkins@ch13ut.org>

**To:**       Chip Parker <cparker@b3.law>

Hi, Chip.  Thanks for alerting me to this case.  I have reviewed this case and I understand why you would ask if my office intends to pursue an action to avoid the potential preference - -  in view of the likely valuation dispute the creditor is teeing-up.  In some ways, avoiding the potential preference appears to be the least cumbersome path.  As I mentioned in my email yesterday, the chapter 13 office infrequently pursues fraudulent transfer and preference actions, but on those occasions that we do, we do so to augment the bankruptcy estate and to add value to the estate for the benefit of creditors.  In this case, I don't see that avoiding a potential preferential transfer will add value to the estate for the benefit of creditors.  Based on the real property's Schedule A/B value of $376,000, even if the lien is avoided under section 547, there would exist no non-exempt equity to benefit creditors.  Similarly, using the Zillow value of the real property of $414,000 there still would exist no non-exempt equity.  In fact, based on our rough calculations, the real property valuation may need to be more in the range of $500,000 in order for there to exist non-exempt equity available for the benefit of creditors.  While I agree that probably the simplest path to achieving your client's objective is to avoid the imposition of the lien under section 547, as you have noted section 522(h) provides a debtor a vehicle to avoid a preferential transfer in circumstances such as this. It seems like section 522(h) is tailor-made for this very situation.  I'm sorry I can't help you out on this.

Best,
Lon


Thank you,

Lon A. Jenkins, Chapter 13 Trustee
District of Utah
465 South 400 East, Suite 200
Salt Lake City ,UT 84111
801-596-2884

**EXHIBIT  B**

**Subject:** RE: In re Van Wagoner - Motion to Avoid Lien
**Date:** Tuesday, April 14, 2026 at 11:46:01 AM Mountain Daylight Time
**From:** Chad Rasmussen <chad@alpinalegal.com>
**To:** Chip Parker <cparker@b3.law>
**Attachments:** image001.png, image002.jpg, image003.jpg

Hi Chip,

No, we will not be stipulating to anything.

Regards,

**Chad C. Rasmussen, Esq.**



2230 N Univ. Pkwy., Ste. 7E | Provo, UT 84604
Office: 801.747.9529 | Fax: 801.384.0519 | www.AlpinaLegal.com

 

Real Estate: Chad is affiliated with Equity Real Estate – Prosper Group.
FDCPA: This communication is an attempt to collect a debt from a debt collector and any information obtained will be used for that purpose. **If you would like to opt out of receiving emails from this firm, please reply to this email at any time letting us know of your desire to opt out.**

---

**From:** Chip Parker <cparker@b3.law>
**Sent:** Tuesday, April 14, 2026 11:08 AM
**To:** Chad Rasmussen <chad@alpinalegal.com>
**Subject:** Re: In re Van Wagoner - Motion to Avoid Lien

I guess you're just going to ignore me.

I'll file the AP. Seems like a waste of time.

Chip Parker, Esquire
Blue Bee Bankruptcy Law
225 South 200 East, Ste. 140
Salt Lake City, Utah 84111
Tel: (801) 624-6767
Fax: (801) 624-6703
**Relief|Restore|Renew**
*Rated AV Preeminent® by Martindale-Hubbell®*

**EXHIBIT** _C_

*Super Lawyers® designation* by Thomson Reuters®
*Licensed in Utah and Florida*

**From:** Chip Parker <cparker@b3.law>
**Date:** Wednesday, April 8, 2026 at 1:46 PM
**To:** Chad Rasmussen <chad@alpinalegal.com>
**Subject:** Re: In re Van Wagoner - Motion to Avoid Lien

Chad:

Have you had a chance to review my email with your client?

Chip Parker, Esquire
Blue Bee Bankruptcy Law
225 South 200 East, Ste. 140
Salt Lake City, Utah 84111
Tel: (801) 624-6767
Fax: (801) 624-6703
**Relief|Restore|Renew**
*Rated AV Preeminent®* by Martindale-Hubbell®
*Super Lawyers® designation* by Thomson Reuters®
*Licensed in Utah and Florida*

**From:** Chip Parker <cparker@b3.law>
**Date:** Monday, April 6, 2026 at 2:36 PM
**To:** Chad Rasmussen <chad@alpinalegal.com>
**Subject:** In re Van Wagoner - Motion to Avoid Lien

Chad:

We acknowledge receipt of Cascade's opposition to the debtors' motion to avoid the lien and appreciate your response.

Having conducted a thorough review of the claim attachment and associated recording information, the primary concern is that Cascade's judgment papers were recorded on October 24, 2025, while the debtors filed their Chapter 13 petition on December 23, 2025. Consequently, the lien was perfected within 90 days prior to the petition date, thereby raising a preference issue.

I have reached out to the Chapter 13 trustee to determine whether he intends to pursue an adversary proceeding based on that preference theory. If the trustee declines to do so, I will proceed on the debtors' behalf under 11 U.S.C. § 522(h).

In light of this, I wanted to inquire whether Cascade would be amenable to withdrawing its opposition to the pending motion to avoid lien. My concern is

that, absent such withdrawal, the parties may incur substantial additional expenses litigating valuation and lien issues, ultimately leading to the same practical outcome: Cascade being treated as a general unsecured creditor.

I am not writing this to posture or to escalate the dispute. I simply want to see whether there is a practical way to avoid litigation that may cost the parties thousands of dollars without changing the ultimate treatment of Cascade's claim.

Let me know if Cascade is willing to reconsider its opposition in light of the preference issue.

Thank you,

Best regards,
Chip Parker, Esquire
Blue Bee Bankruptcy Law
225 South 200 East, Ste. 140
Salt Lake City, Utah 84111
Tel: (801) 624-6767
Fax: (801) 624-6703
**Relief|Restore|Renew**
*Rated AV Preeminent® by Martindale-Hubbell®*
*Super Lawyers® designation by Thomson Reuters®*
*Licensed in Utah and Florida*